Michael E. Quiat, Esq.
Attorney Bar Code 1771161
USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Phone  201-342-7100
Fax     201-342-1810
***Attorney for Plaintiffs***
***Karen Rozencwaig and Bryan Rozencwaig***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| KAREN ROZENCWAIG and BRYAN ROZENCWAIG,<br><br>Plaintiffs,<br><br>v.<br><br>CAMPGROUP, LLC 401(k) PLAN and its PLAN ADMINISTRATOR, and CAMPGROUP, LLC, AND JOHN DOES I – X.<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**Complaint Electronically Filed** |
|---|---|

Plaintiffs Karen Rozencwaig and Bryan Rozencwaig, by way of one-count Complaint against the Defendants, CampGroup, LLC 401(k) Plan and its Plan Administrator and CampGroup, LLC (hereinafter referred to as "CampGroup" or "Defendants"), allege as follows:

### I.     PARTIES

1. Plaintiffs are residents of the State of New York, County of Westchester.

2. Defendants do business in the State of New York and maintain their principal place of business in the State of New York.

3. The Plan Sponsor is also the Plan Administrator. The Sponsor's/Administrator's address is: 4 New King Street, White Plains, New York 10604. (See CampGroup,

Case 7:17-cv-07460-NSR-LMS   Document 1   Filed 09/29/17   Page 2 of 6


LLC Retirement Plan Summary Plan Description, attached hereto as **Exhibit A**).

4. Plaintiff Karen Rozencwaig (hereinafter referred to as "Plaintiff" or "Mrs. Rozencwaig") was employed by Defendant CampGroup.

5. Plaintiff Bryan Rozencwaig (hereinafter referred to as "Plaintiff" or "Mr. Rozencwaig") is Mrs. Rozencwaig's husband, and a contingent beneficiary with respect to the within-noted pension.

6. Defendant CampGroup Inc., LLC states on it its website that it "provid[es] summer camp experiences that are among the finest available." CampGroup also describes itself as "a family business."

7. CampGroup's website indicates that its "family of camps" includes Camp DanBee, Camp Ramaquois, Odyssey Team Camp, Camp Walt Whitman, Zeal Adventure and Travel, Shibley Day Camp, Camp Watitoh, Camp Winadu, Camp Kippewa, Camp Wicosuta, Camp Akeela, Camp Winaukee, Camp Mah-Kee-Nac and Camp Cobbossee.

8. John Does I – X are fictitious Defendants who processed or where responsible for processing any aspect of Mrs. Rozencwaig's 401(k) participation.

## II.   JURISDICTION & VENUE

9. Jurisdiction and venue are proper in this Court pursuant to *29 USC δ 1001, et seq.; 28 USC δ 1331, et seq.* and *28 USC δ 1391, et seq.*

## III.   FACTUAL BACKGROUND

10. Mrs. Rozencwaig was employed by CampGroup from 2006 to 2017. When she started, she was a part-time camp counselor.

11. In 2012, Mrs. Rozencwaig became a full-time employee with CampGroup.

12. CampGroup sponsors a 401(k) Plan for its personnel.

13. A 401(k) Plan provides pension benefits.

14. The CampGroup 401(k) is a pension benefit program as defined under the Employee Retirement Income Security Act of 1974, *29 USC δ 1001, et seq. ("ERISA").*

15. CampGroup's 401(k) Plan is required to be administered according to Plan Rules.

16. In 2012, when Mrs. Rozencwaig became a full-time employee of CampGroup, she was also at that time entitled to participate in the 401(k) Plan.

17. Said enrollment would have become effective after one year of continuous, full-time service, subject to plan-entry dates of January 1st and July 1st.

18. In spite of her eligibility to participate, Mrs. Rozencwaig was not at that time offered enrollment by the Defendants, nor was she even advised as to her eligibility to participate in the said Plan.

19. In 2015, CampGroup personnel notified Mrs. Rozencwaig for the first time that she had been inadvertently excluded from participation in the Plan.

20. CampGroup has since acknowledged that the failure to enroll Mrs. Rozencwaig was an error and was CampGroup's sole responsibility.

21. The Plan allows participants to contribute.

22. The Plan's latest-available Form 5500 reports that it has a profit-sharing feature.

23. Once the error was discovered and Mrs. Rozencwaig was permitted to enroll in the 401(k) Plan, she contributed the maximum amount permitted under law.

24. Prior to discovering that she was entitled to participate in the 401(k) Plan, Mrs. Rozencwaig also participated in a stand-alone, non-ERISA IRA plan. She contributed the maximum amount permitted by law to the IRA.

25. Since discovery of its error, the only relief CampGroup has provided is a corrective contribution, to assure its own continued status as a qualified plan.

26. Such a corrective contribution, however, does not put Mrs. Rozencwaig's 401(k)'s account into the position it would have been in had no mistake been made.

27. CampGroup's Summary Plan Description invites but does not require exhaustion of administrative remedies prior to bringing suit.

28. Notwithstanding, Mrs. Rozencwaig filed a Claim for Benefits through counsel on September 5, 2017, after the parties agreed to toll the Statute of Limitations.

29. For the purpose of giving the parties additional time to fairly resolve Plaintiffs' Claim for Benefits, Defendants were invited again to further toll the Statute of Limitations on September 28, 2017. Defendants declined to do so. This litigation ensued.

## IV. COUNT I
## BREACH OF FIDUCIARY DUTY PURSUANT TO ERISA

30. The initial error which prevented Mrs. Rozencwaig from enrolling in the 401(k) Plan was made by Defendant fiduciaries or their agents.

31. The failure to enroll an eligible plan participant violates the fiduciary duty to adhere to Plan documents.

32. CampGroup LLC is the agent of Defendant 401(k) Plan.

33. The subsequent error in refusing to repair and restore Mrs. Rozencwaig's 401(k) account was made by and/or adopted by Defendant fiduciaries.

34. CampGroup's refusal to repair and restore Mrs. Rozencwaig's 401(k) account denies her the full value of what is promised under the Plan. Said refusal violates the Defendant's fiduciary duty to Plaintiff.

35. Rather than taking the opportunity to adjudicate Plaintiff's Claim for Benefits, Defendants have refused Plaintiffs' invitation to participate in a further tolling agreement.

36. Given that Defendants have put forth no appreciable reasoning in response to the concerns raised by Plaintiffs, and given their refusal to do what needs to be done to fairly adjudicate Plaintiffs' Claim for Benefits, there is no reasoning or decision-making to which a reviewing court can defer. The Standard of Review, thus, is *de novo*.

**WHEREFORE**, Plaintiffs requests an Order providing the following relief:

A. Permitting Plaintiffs to make all contributions to her 401(k) account had she been enrolled when first eligible.

B. Directing Defendants to make all matches to Plaintiff's 401(k) account which would have been made had she been enrolled when first eligible.

C. Directing that Defendants repair and make-whole Plaintiff's 401(k) account to where it would have been had no fiduciary breach occurred.

D. Any other relief – including surcharge -- necessary to ensure Plaintiff's 401(k) account is where it would have been had no fiduciary breach occurred.

E. In the alternative, remanding this matter to the Plan Administrator with Orders to do the following:

a) directing Defendants to accept, process, and adjudicate Plaintiffs' Claim for Benefits;

b) to do so in a manner befitting a fiduciary and consistent with the Plan,

ERISA and its Claims Regulations;

c) to provide Plaintiffs with an opportunity to submit an Appeal, should the Claim for Benefits be denied or otherwise adjudicated improperly or inadequately; and

d) directing Defendants to accept, process, and adjudicate Plaintiffs' Appeal in a manner befitting a fiduciary and consistent with the Plan, ERISA and its Claims Regulations;

e) permitting Plaintiffs to again seek relief in the District Court upon completion of the above-itemized mandates (a) – (d).

F. In all events, awarding Plaintiffs' their attorney's fees, costs and expenses.

>  USCHER, QUIAT, USCHER & RUSSO, P.C.
>  A Professional Corporation
>  433 Hackensack Avenue, 2nd Floor
>  Hackensack, NJ 07601
>  Phone 201-342-7100
>  Fax    201-342-1810

Dated: September 29, 2017   By:   /s/Michael E. Quiat
                                  MICHAEL E. QUIAT
                                  Attorney Bar Code 1771161
                                  *Attorney for Plaintiffs*
                                  *Karen Rozencwaig and Bryan Rozencwaig*